IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LADON TERRY-GRAHAM, :
:
    Plaintiff, :
:
v. : Civ. No. 14-318-LPS
:
FEDERAL NATIONAL MORTGAGE :
ASSOCIATION (Fannie Mae), et al., :
:
    Defendants. :

---

LaDon Terry-Graham, New Castle, Delaware, Pro Se Plaintiff.

Sarah M. Rutigliano, Daniel Thomas Conway, and Lisa K. Cartwright, Esquires, Atlantic Law Group, Wilmington, Delaware. Counsel for Defendants Federal National Mortgage Association (Fannie Mae) and Timothy J. Mayopoulos.

Antranig N. Garibian and Julie M. Murphy, Esquires, Stradley Ronon Stevens & Young, Philadelphia, Pennsylvania and Wilmington, Delaware. Counsel for Defendant SunTrust Mortgage, Inc.

**MEMORANDUM OPINION**

March 18, 2015
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff LaDon Terry-Graham ("Plaintiff") filed this action to quiet title in the Court of Chancery of the State of Delaware in and for New Castle County on or about January 31, 2014 against Defendants Federal National Mortgage Association ("Fannie Mae"), Timothy J. Mayopoulos ("Mayopoulos"), and SunTrust Mortgage, Inc. ("SunTrust"). (D.I. 1 Ex. 1) Plaintiff proceeds *pro se*. SunTrust removed the matter to this Court on March 10, 2014. (D.I. 1) The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Presently before the Court are Defendants' motions to dismiss (D.I. 4, 12) and Plaintiff's motion for leave to file an amended complaint (D.I. 18). For the reasons that follow, the Court will grant Defendants' motions as well as Plaintiff's motion.

## II. BACKGROUND

Plaintiff seeks to quiet title and nullify two mortgages held by Fannie Mae and SunTrust on property located at 224 Remi Drive in New Castle, Delaware, based upon the discharge of the underlying debts in a Chapter 7 bankruptcy proceeding, *In re Terry*, Bankr. No. 13-10239-BLS (D. Del.). The original complaint contains five counts, as follows: Count I, quiet title; Count II, bankruptcy and discharge of note debt; Count III, discharge of note debt nullified mortgage; Count IV, not holder in due course pursuant to 6 Del. C. § 3-302; and Count V, seeking declaratory judgment. (D.I. Ex. 1) Defendants move to dismiss the complaint on the grounds that Plaintiff's bankruptcy discharge does not nullify the mortgage liens, the other claims are without merit as a matter of law, the claims fail to state a claim upon which relief may be granted, and Plaintiff failed to plead plausible facts in support of her claims. (D.I. 4, 12)[1]

---

[1] Fannie Mae's motion refers to Exhibit A (recorded Fannie Mortgage and assignments) and Exhibit B (discharge order). Neither were attached to its motion.

1

Plaintiff recently filed a motion for leave to amend the complaint. (D.I. 18) The proposed amended complaint eliminates counts II through V. The proposed amended complaint contains two counts: Count I, quiet title and Count II, breach of contract, and names only Fannie Mae as a defendant.

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted). However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

Plaintiff moves to amend the complaint. The proposed amended complaint removes four of the five counts which Defendants seek to dismiss. It also removes Mayopoulos and SunTrust as Defendants. (*See* D.I. 18) Plaintiff's proposed amended complaint appears to be an attempt to cure the pleading defects raised by Defendants. As noted, four of the five objectionable counts are no longer in the proposed amended complaint. In addition, the proposed quiet title count contains new allegations and is quite different from the quiet title count as pled in the original complaint. In light of the foregoing, the Court will grant Defendants' motions to dismiss and will grant Plaintiff's motion for leave to amend.

## V. CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motions to dismiss (D.I. 4, 12); (2) grant Plaintiff's motion for leave to amend (D.I. 18); and (3) order the Clerk of Court to docket Plaintiff's proposed amended complaint.

An appropriate Order will be entered.