# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LADON TERRY-GRAHAM, | : |
| Plaintiff, | : |
| v. | : Civ. No. 14-318-LPS |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION (Fannie Mae), | : |
| Defendant. | : |

LaDon Terry-Graham, New Castle, Delaware, Pro Se Plaintiff.

Sarah M. Rutigliano, Daniel Thomas Conway, and Lisa K. Cartwright, Esquires, Atlantic Law Group, Wilmington, Delaware. Counsel for Defendant.

## MEMORANDUM OPINION

March 10, 2016
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff LaDon Terry-Graham ("Plaintiff") filed this action to quiet title in the Court of Chancery of the State of Delaware in and for New Castle County on or about January 31, 2014 against Defendants Federal National Mortgage Association ("Fannie Mae"), Timothy J. Mayopoulos ("Mayopoulos"), and SunTrust Mortgage, Inc. ("SunTrust"). (D.I. 1 Ex. 1) Plaintiff proceeds *pro se*. SunTrust removed the matter to this Court on March 10, 2014. (D.I. 1) The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff filed an Amended Complaint and, in doing so, voluntarily dismissed the claims against Mayopoulos and SunTrust. (D.I. 21) Presently before the Court is Fannie Mae's motion to dismiss the Amended Complaint. (D.I. 22) Plaintiff did not file an opposition to the motion. For the reasons that follow, the Court will grant Defendant's motions.

## II. BACKGROUND

Plaintiff alleges breach of contract and seeks to quiet title on property located at 224 Remi Drive in New Castle, Delaware. Count I, the quiet title count, alleges that Plaintiff is the lawful owner of the property in question and that Defendant claims to have been assigned the mortgage against the property. Plaintiff alleges that Defendant is not in physical possession of the original mortgage security instrument or the original promissory note for which the mortgage contract is supposedly securing repayment. Plaintiff alleges that Defendant is currently in breach of the mortgage contract due to its failure to comply with provisions of the mortgage contract prior to commencing foreclosure proceedings in the Superior Court of the State of Delaware in and for New Castle County, *Federal National Mortgage Association v. Terry-Graham*, Civ. Act. No. N31L-11-020 VLR. (D.I. 21 Ex. D) Plaintiff alleges that the foreclosure complaint cannot be a demand for payment in full because it only requests judgment on the mortgage but not on the note for personal liability.

1

(*Id.*) Plaintiff alleges that the mortgage contract is null and void, is a cloud on the title, is adverse to her, prevents her from conducting commerce, and depreciates the equitable value of the real property.

Count II alleges that Defendant breached the mortgage contract and, as a result, that contract is null and void, because prior to filing the foreclosure action Defendant: (1) failed to comply with Paragraph 22 of the mortgage contract and seek acceleration; and (2) failed to comply with the notice provisions of Paragraph 15. (*Id.* at Ex. C)

Last, Plaintiff alleges that Defendant broke the chain of title because it was not assigned or transferred physical possession of the original note, is not in physical possession of the original note, and allegedly was assigned the mortgage alone which is a nullity.

Plaintiff seeks declaratory judgment, an order for the Recorder of Deeds of New Castle County to convey the real property at issue to Plaintiff, and other equitable relief as is just and appropriate.

Defendant moves for dismissal on the ground that the Amended Complaint fails to state claims upon which relief may be granted.

### III. LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

2

1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) note the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, __F.3d__, 2016 WL 106159, at *4 (3d Cir. Jan. 11, 2016). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough

3

facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## IV. DISCUSSION

The issue of abstention is dispositive here.[1] The record reflects that a State foreclosure action is pending in the Superior Court, having been filed on November 5, 2013. The Court takes judicial notice that on October 22, 2015, the Superior Court issued a Report and Recommendation that Fannie Mae's motion for summary judgment on the mortgage complaint seeking foreclosure of Plaintiff's property be granted. *See Federal Nat'l Mortg. Ass'n v. Terry-Graham*, 2015 WL 6437621 (Del. Super. Ct. Oct. 22, 2015). In defending the foreclosure action, Plaintiff questioned the existence of the "wet ink" mortgage and note and the improper assignment of the mortgage. Because the action remains pending in State Court, and it has not yet reached final resolution, the Court must abstain, consistent with the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), as extended to civil cases and state administrative proceedings, *see Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings. Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *See Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to

---

[1]The court may raise the issue of *Younger* abstention *sua sponte*. *See O'Neill v. City of Philadelphia*, 32 F.3d 785 n.1 (3d Cir. 1994).

4

proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.[2] *Huffman*, 420 U.S. at 608.

The *Younger* elements have been met and none of the exceptions applies. First, there are ongoing state proceedings for the foreclosure of real property.[2] Second, Delaware has an important interest in resolving real estate issues, and a ruling in the Delaware courts implicates the important interest of preserving the authority of the state's judicial system. *See e.g., Almazan v. 1ˢᵗ 2ⁿᵈ Mortg. Co. of NJ, Inc.*, 2011 WL 2670871 (D.N.J. June 2, 2011) (finding that State has important interests in foreclosure of property under *Younger* doctrine); *see also Gray v. Pagano*, 287 F. App'x 155 (3d Cir. July 23, 2008) (holding lower court properly abstained under *Younger* where plaintiffs sought declaration that judge was not authorized to nullify transfer of title and sought order enjoining sheriff from conducting sheriff's sale). Finally, Plaintiff has an adequate opportunity to raise any potential claims in State court. Accordingly, the Court must abstain pursuant to *Younger* and its progeny. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after plaintiffs failed to raise federal claims in ongoing state proceedings).

## V.  CONCLUSION

For the above reasons, the Court will abstain and will grant Defendant's Motion to Dismiss. (D.I. 22) The Court finds amendment futile.

An appropriate Order will be entered.

---

[2] Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief," *id.* at 54.

[2] The foreclosure proceeding commenced on November 5, 2013, prior to Plaintiff's quiet title action in the Court of Chancery, filed on January 31, 2014, which was removed to this Court on March 10, 2014.

5